**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Antoinne NELSON, Defendant—
Appellant.**

No. 99–50716.

D.C. No. CR–99–00518–WDK–2.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2002.*

Decided June 5, 2002.

Before LAY,** CANBY, and PAEZ,
Circuit Judges.

MEMORANDUM ***

Defendant Antoinne Nelson pled guilty to conspiracy to commit armed bank robbery on April 27, 1999 in violation of 18 U.S.C. § 371, the armed bank robbery in violation of 18 U.S.C. § 2113(a)(d), and brandishing a firearm during that robbery in violation of 18 U.S.C. § 924(c). Defendant also pled guilty to three other counts of armed robbery.

We denied defense counsel's motion to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and ordered the parties to submit letter briefs addressing whether the district court impermissibly double counted the brandishing of a firearm during the April 27 robbery. In addition to being sentenced for brandishing a firearm during that robbery, see 18 U.S.C. § 924(c), Defendant also received a 5–level enhancement to the robbery base offense level for brandishing a firearm during that robbery, see U.S.S.G. § 2B3.1(b)(2)(C).

Both parties agree that, although there was impermissible double counting under the explicitly retroactive change to the Sentencing Guidelines, see U.S.S.G. §§ 1B1.10(a), (c), 2K2.4 app. n. 2; 65 Fed. Reg. 50034; ¶ b; *United States v. Aquino,* 242 F.3d 859, 864–65 (9th Cir.2001), the error did not affect Defendant's sentence because of the convictions for the three other counts of bank robbery, each of which involved a gun and none of which carried a related conviction under § 924(c). We agree.

In calculating the combined adjusted offense level for the four counts of robbery without the 5–level enhancement for the April 27 robbery, a district court would still reach the same result. The base offense level for each robbery was 20, U.S.S.G. § 2B3.1(a), which was adjusted upward 2 levels under U.S.S.G. § 2B3.1(b)(1) (taking property of a financial institution). Except for the April 27 robbery, each of the robberies, without a related conviction under 924(c), was properly adjusted upward an additional 5 levels for the brandishing of a firearm. *Id.* § 2B3.1(b)(2)(C). Thus, the adjusted offense level for all of the robberies except the April 27 robbery was 27. Pursuant to U.S.S.G. § 3D1.4, the district court would still begin with level 27 in calculating the combined adjusted offense level for the multiple counts of conviction. Three of the

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

robberies, at offense level 27, would qualify as 1 unit each, see U.S.S.G. § 3D1.4(a), whereas the April 27 robbery, at offense level 22, would qualify only as½ unit, see *id.* § 3D1.4(b). The total number of units would be in the 3½ to 5 units range, which requires a 4–level upward adjustment, *id.* § 3D1.4, resulting in a combined adjusted offense level of 31. This is the same combined adjusted offense level that the district court used in calculating the total offense level. Thus, Defendant's sentencing range was ultimately unaffected by the retroactive clarification of U.S.S.G. § 2K2.4.

We have also independently reviewed the plea proceeding pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and find no arguable issues for review.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.